IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00859-BNB

LARRY D. JOHNSON,

    Plaintiff,

v.

BARRACK [sic] H. OBAMA,
JOHN HICKENLOOPER,
MICHAEL L. BENDER, and
KAREN HUBER,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Larry D. Johnson, filed *pro se* a Complaint (ECF No. 1) for money damages and two motions and affidavits for leave to proceed pursuant to 28 U.S.C. § 1915 (ECF Nos. 3 and 4), each of which named a different defendant, only one of which was listed as a defendant in the caption to the Complaint. However, constructing the motions together, the § 1915 *in forma pauperis* motions were granted.

    On April 4, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Johnson to file within thirty days an amended Complaint because his allegations made no sense, he failed to assert a clear basis for this Court's jurisdiction or any claims, failed to name all the defendants he apparently intended to sue in the caption to the Complaint, failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and may not sue the President of the United States for money damages for acts within his official responsibility. *See Forrester v. White*, 484 U.S. 219, 225 (1988); *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982).

On April 24, 2013, Mr. Johnson filed an amended Complaint (ECF No. 6). The Court must construe Mr. Johnson's amended Complaint liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. See *id*. For the reasons stated below, the amended Complaint and the action will be dismissed.

Mr. Johnson contends President Barack H. Obama ordered Colorado Governor John Hickenlooper, Colorado Supreme Court Justice Michael L. Bender, and Denver District Court Magistrate Judge Karen Huber on April 3, 2013, to imprison him falsely at the Denver County Jail in order to steal the $1 million he was awarded in 1997 under the Clinton Administration. As relief he asks this Court to force President Obama to release the $1 million award and hold the remaining Defendants responsible for their actions in helping imprison him falsely. He fails to provide factual support for these vague and conclusory allegations.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. Mr. Johnson's attempt to hold Defendants liable for his allegedly false imprisonment are factually frivolous. A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325


(1989). A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* at 327. In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court finds that Mr. Johnson's claims rest on "fantastic or delusional scenarios" whose factual contentions are "clearly baseless." *Neitzke*, 490 U.S. at 327-28. Mr. Johnson is not entitled to relief on his claims. The amended Complaint and the action will be dismissed as factually frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Johnson files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 6) and the action are dismissed as factually frivolous. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   29th   day of     April         , 2013.

                                                 BY THE COURT:

                                        s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, Senior Judge
                                        United States District Court

Case 1:13-cv-00859-LTB   Document 7   Filed 04/29/13   USDC Colorado   Page 4 of 4

4